CINCINNATI BAR ASSOCIATION v. TRAINOR.

[Cite as *Cincinnati Bar Assn. v. Trainor*,
99 Ohio St.3d 318, 2003-Ohio-3634.]

(No. 2003–0420—Submitted May 14, 2003—Decided July 23, 2003.)

**Per Curiam.**

{¶ 1} Respondent, Robert N. Trainor of Covington, Kentucky, Attorney Registration No. 0012089, was admitted to the practice of law in Ohio in 1978. On August 12, 2002, relator, Cincinnati Bar Association, filed a complaint charging respondent with professional misconduct, including violations of DR 9–102(A) (failing to preserve the identity of client funds) and (B) (failing to maintain complete records of and appropriately account for client funds). A panel appointed by the Board of Commissioners on Grievances and Discipline considered the cause on stipulations and without a hearing, pursuant to agreement by the parties.[1] See Section 3 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline.

{¶ 2} According to the stipulations, respondent agreed in 1996 to represent a client in personal-injury claims stemming from four automobile accidents. The cases were consolidated into one proceeding, and after discovery, respondent

---

1. The panel and board referred to a teleconference in which the parties apparently agreed that their untimely consent-to-discipline agreement be considered as stipulations and a waiver of hearing. A written waiver of hearing is also mentioned but does not appear in the record.

negotiated a settlement of all the claims for a total of $50,000. Respondent believes that his client signed a written contingent-fee contract, on a form he typically uses for personal-injury actions, as required by R.C. 4705.15(B). However, he could not find the client's executed agreement, and she denied having signed such an agreement.

{¶ 3} Respondent deposited the settlement proceeds, which he received in installments of $25,000, $17,500, and $7,500, into a client trust account. He provided his client with an accurate accounting of receipts and disbursements for the first $25,000, but as he received the remaining amounts and paid additional litigation and medical expenses, he did not similarly account for the rest of the funds before his client disputed various payments. Respondent attempted to remedy this oversight and reconcile his records, but in the process, he realized that he had actually overpaid his client. An investigator assigned by Disciplinary Counsel reconstructed respondent's trust account records and confirmed that he had paid to the client, or on the client's account, $12,737 in excess of the proceeds to which she was entitled.

{¶ 4} The panel found that respondent had failed to properly account for and preserve the identity of his client's funds in violation of DR 9–102(A) and (B). After noting that respondent had no prior history of professional misconduct, the panel recommended a sanction consistent with that proposed by the parties—that respondent be suspended from the practice of law for nine months, with this sanction to be stayed on the conditions that he (1) provide to Disciplinary Counsel's investigator an accounting, prepared by a certified public accountant, of all funds held in his IOLTA account and (2) provide periodic additional accountings as required by the investigator, with the investigator to preserve client confidentiality.

{¶ 5} The board adopted the panel's findings of misconduct, but considered a nine-month suspension too severe. The board recommended that respondent be suspended for six months, with this sanction to be stayed on the conditions recommended by the panel.

{¶ 6} We agree that respondent violated DR 9–102(A) and (B) and that a stayed six-month suspension is appropriate. In addition to the fact that respondent had no prior history of discipline, we consider respondent's cooperation in relator's investigation to have significant mitigating effect. Accordingly, respondent is hereby suspended from the practice of law in Ohio for a period of six months, but this sanction is stayed on the conditions that he (1) provide to Disciplinary Counsel's investigator an accounting, prepared by a certified public accountant, of all funds held in his IOLTA account and (2) provide periodic additional accountings as required by the investigator, with the investigator to

preserve client confidentiality. If respondent violates any of these conditions, the stay will be lifted, and he shall serve the full term of the suspension.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

COOK, J., not participating.

---

James J. Condit and Kevin P. Roberts, for relator.

Dinsmore & Shohl, L.L.P., and Mark A. VanderLaan, for respondent.