CINCINNATI BAR ASSOCIATION *v.* TRAINOR.

[Cite as *Cincinnati Bar Assn. v. Trainor,*
110 Ohio St.3d 141, 2006-Ohio-3825.]

(No. 2006-0393—Submitted April 25, 2006—Decided August 9, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Robert N. Trainor of Covington, Kentucky, Attorney Registration No. 0012089, was admitted to the practice of law in Ohio in 1978.

{¶ 2} On August 8, 2005, relator, Cincinnati Bar Association, charged respondent with violating DR 1–104 (requiring attorneys to notify a client if they do not carry sufficient professional liability insurance). A panel of the Board of Commissioners on Grievances and Discipline heard the cause. Based on the parties' stipulations and respondent's testimony, the panel made findings of misconduct and a recommendation, which the board adopted.

### Misconduct

{¶ 3} In August 2002, Karen and Gary Finn retained respondent to represent them after they discovered toxic mold in their new home. Respondent did not tell his clients that his professional liability coverage had been canceled in the fall of 2000. The board thus found that respondent had violated DR 1–104.

### Recommended Sanction

{¶ 4} In recommending a sanction for respondent's misconduct, the board weighed the aggravating and mitigating factors of his case. See Section 10 of the

Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 5} The board observed that respondent had a prior disciplinary record. BCGD Proc.Reg. 10(B)(1)(a). In *Cincinnati Bar Assn. v. Trainor*, 99 Ohio St.3d 318, 2003-Ohio-3634, 791 N.E.2d 972, respondent received a six-month suspension, conditionally stayed, because he had been unable to satisfactorily account for disbursements from his client trust account, causing him to overpay one client more than $12,000. Respondent's incomplete and inaccurate accounting practices prevented him from determining whether the excessive disbursement came from funds belonging to him, his law firm, or other clients. Respondent has since fulfilled the conditions of the stayed suspension, which required him to render periodic accountings to an investigator with the Disciplinary Counsel.

{¶ 6} In mitigation, the board found that respondent had made a timely, good-faith effort to rectify the consequences of his misconduct. BCGD Proc.Reg. 10(B)(2)(c). On September 12, 2005, he notified his Ohio clients that he lacked malpractice insurance. He has since obtained a professional liability insurance policy with a $500,000 limit for the period of January 4, 2006, to January 4, 2007. Respondent had also fully and freely disclosed the facts of his misconduct and has cooperated with the disciplinary proceedings. BCGD Proc.Reg. 10(B)(2)(d). Finally, respondent showed genuine remorse for his transgressions and did not act with a dishonest or selfish motive.

{¶ 7} The parties agreed at the hearing that a one-year suspension, stayed with monitoring to ensure that respondent maintained his professional liability coverage, was an appropriate sanction. After considering the extent of respondent's contrition and cooperation, including his efforts to submit a BCGD Proc.Reg. 11 consent-to-discipline agreement satisfactory to the board, the panel recommended that respondent receive a public reprimand.

{¶ 8} Adopting the panel's report, the board recommended that respondent be publicly reprimanded for failing to notify his clients that his professional liability coverage had lapsed. The parties do not object to this recommendation.

### Review

{¶ 9} We agree that respondent failed to properly notify his clients that he had no malpractice insurance in violation of DR 1–104 and that a public reprimand is warranted. Respondent is therefore publicly reprimanded for this misconduct. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

MOYER, C.J., and LANZINGER, J., dissent.

**MOYER, C.J., dissenting.**

{¶ 10} I respectfully dissent from the sanction imposed on respondent. The parties initially agreed that a one-year suspension with a conditional stay was an appropriate sanction. I would impose the originally agreed-upon sanction.

LANZINGER, J., concurs in the foregoing dissenting opinion.

———————

James J. Condit and Kevin P. Roberts, for relator.

Robert N. Trainor, pro se.