CUYAHOGA COUNTY BAR ASSOCIATION *v.* JACKSON.

[Cite as *Cuyahoga Cty. Bar Assn. v. Jackson,*
120 Ohio St.3d 173, 2008-Ohio-5378.]

(No. 2008–1149—Submitted July 22, 2008—Decided October 23, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Gerald M. Jackson of Shaker Heights, Ohio, Attorney Registration No. 0010039, was admitted to the practice of law in Ohio in 1972. The Board of Commissioners on Grievances and Discipline recommends that we publicly reprimand respondent, based on findings that he (1) failed to account to a client for his time, fees, and expenses as required by DR 9–102(B)(3) and (2) failed to apprise a client that he does not maintain professional-malpractice insurance and obtain the client's written acknowledgement as required by DR 1–104(A) and (B). We agree that respondent violated the Code of Professional Responsibility as found by the board and accept the recommendation for a public reprimand.

{¶ 2} Relator, Cuyahoga County Bar Association, charged respondent with violations of DR 1–104(A) and (B) and 9–102(B)(3). A panel of the board considered the case on the parties' consent-to-discipline agreement, filed pursuant to Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."), found the cited Disciplinary Rule violations, and recommended a public reprimand. The board adopted the findings of misconduct and recommendation.

## Misconduct

{¶ 3} Respondent, who rarely accepts domestic-relations cases, agreed to represent a client in September 2003 in the client's divorce. Respondent provided legal services for approximately ten months before the client discharged him at the end of June 2004. Respondent at some point thereafter helped the client find another lawyer and then transferred the client's file to that lawyer.

{¶ 4} In January 2006, the client asked respondent for a complete accounting of the fees the client had paid and the time that respondent had devoted to the

divorce case. Respondent, who had not kept contemporaneous records of his time despite having agreed to charge an hourly fee, did not respond to the client's request. Respondent had also failed to tell his client during their attorney-client relationship that he had no professional-liability insurance.

{¶ 5} After the client filed a grievance with relator, respondent reconstructed a detailed recapitulation of the time spent and expenses incurred in representing the client. Respondent was able to substantiate 104.9 hours of work on the case at $225 per hour, for a total cost of $23,602.50. Respondent's client claimed that he had paid respondent in excess of $20,000, but respondent found records to document payments of only $13,098.75.

{¶ 6} The parties stipulated and we find that respondent violated DR 1–104(A) and (B) and 9–102(B)(3).

## Sanction

{¶ 7} Respondent's misconduct is comparable to that committed by the lawyer in *Cincinnati Bar Assn. v. Trainor*, 110 Ohio St.3d 141, 2006–Ohio–3825, 851 N.E.2d 505. We publicly reprimanded that lawyer because he had failed to properly notify two clients, a married couple, that he lacked malpractice insurance as required by DR 1–104(A). We factored into our decision the lawyer's prior disciplinary record for failing to maintain complete records of and appropriately account for client funds. Id. at ¶ 5.

{¶ 8} Respondent has no prior disciplinary record, a mitigating factor under BCGD Proc.Reg. 10(B)(2)(a), and the parties have stipulated that none of the aggravating factors listed in BCGD Proc.Reg. 10(B)(1) weighs against him. Mitigating factors also include respondent's lack of any ill motive, his full and free disclosure during the disciplinary proceedings, and his overall good character and reputation. See BCGD Proc.Reg. 10(B)(2)(b), (d), and (e). Respondent has also obtained malpractice insurance, a fact that we found mitigating in *Trainor*, 110 Ohio St.3d 141, 2006–Ohio–3825, 851 N.E.2d 505, ¶ 6, and he has obtained waivers from clients not covered by his current policy. Finally, respondent has agreed to remit to his divorce client $1,500 as restitution.

{¶ 9} We accept the consent-to-discipline agreement. Respondent is therefore publicly reprimanded for his violations of DR 1–104(A) and (B) and 9–102(B)(3). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

McFadden & Freeburg Co., L.P.A., and Donald P. McFadden; Baker & Hostettler, L.L.P., and James Loeb; and Ellen S. Mandell, Bar Counsel, for relator.

Richard C. Alkire Co., L.P.A., and Richard C. Alkire, for respondent.