TO BE PUBLISHED

# Supreme Court of Kentucky

## 2008-SC-000827-KB

KENTUCKY BAR ASSOCIATION                                            MOVANT

DATE 3/3/09 *Kelly Klaber* D.C.

V.                              IN SUPREME COURT

ROBERT N. TRAINOR                                          RESPONDENT

## OPINION AND ORDER

The Kentucky Bar Association (KBA) moves this Court to enter an order directing Robert N. Trainor, whose KBA member number is 71335 and who was admitted to practice law in this Commonwealth on October 1, 1976, to show cause why he should not be subject to reciprocal discipline after being publicly reprimanded by the Supreme Court of Ohio. In addition, the KBA requests that if such cause be lacking, this Court enter an order in accordance with SCR 3.435(4) publicly reprimanding Trainor. Having received no response from Trainor in this case and finding that there is no cause as to why Trainor should not receive reciprocal discipline, this Court grants the KBA's motion and orders that Trainor be publicly reprimanded in this Commonwealth.

On August 9, 2006, the Supreme Court of Ohio entered an order publicly reprimanding Trainor for violating DR 1-104(A) of the Ohio Code of Professional Responsibility,[1] which requires a lawyer to

> inform a client at the time of the client's engagement of the lawyer or at anytime subsequent to the engagement if the lawyer does not maintain professional liability insurance in the amounts of at least $100,000.00 per occurrence and $300,000.00 in the aggregate . . . .

Cincinnati Bar Ass'n v. Trainor, 851 N.E.2d 505 (Oh. 2006). The Ohio court's sanction was based on Trainor's conduct during August 2002, when he failed to inform a client that his professional liability insurance coverage had been cancelled two years previously. Following the public reprimand imposed on Trainor by the Supreme Court of Ohio, Trainor attempted to rectify his actions by notifying his Ohio clients that he lacked malpractice insurance and obtaining a professional liability insurance policy. The KBA, after learning of Trainor's Ohio discipline, then filed this petition requesting that Trainor receive reciprocal discipline in the Commonwealth of Kentucky.

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) requires this Court to

> impose the identical discipline unless Respondent proves by substantial evidence:
> (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or

---

[1] At the time Trainor was charged with this violation, in August 2005, the rules governing an attorney's conduct in Ohio were codified as the Ohio Code of Professional Responsibility, and Trainor was charged with violating DR 1-104(A) of that Code. On February 1, 2007, however, the Code was replaced by the Ohio Rules of Professional Conduct, and the rules were re-numbered. Thus, the current version of DR 1-104(A) is Rule 1.4(c) of the Ohio Rules of Professional Conduct.

(b) that misconduct established warrants
substantially different discipline in this State.

Furthermore, SCR 3.435(5) requires this Court to recognize that "in all other respects" a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky.

Here, the Ohio Board of Commissioners on Grievances and Discipline found that Trainor violated DR 1-104(A), which obligates attorneys to notify a client if they do not carry sufficient professional liability insurance. Although the Kentucky Rules of Professional Conduct do not include an equivalent to this requirement, SCR 3.130-3.4(c) prohibits a lawyer from "[k]nowingly or intentionally disobey[ing] an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." As the KBA points out, Trainor's failure to inform a client about his lapsed liability insurance in Ohio constitutes a violation of SCR 3.130-3.4(c) because Trainor disobeyed an obligation under the rules of the Ohio Supreme Court. *See* KBA v. Meehan, 237 S.W.3d 546, 547 (Ky. 2007) ("SCR 3.435 does not require that the rules be identical to allow for the imposition of reciprocal discipline"). Given that Trainor has been disciplined by the Supreme Court of Ohio, and that Trainor's actions are also governed by the Rules of Professional Conduct in this Commonwealth, Trainor is subject to the reciprocal discipline of a public reprimand pursuant to SCR 3.435(4).

Lastly, this Court notes that Trainor's prior disciplinary record does not warrant a more severe sanction in this Commonwealth. In 2003, Trainor was

3

charged by Ohio's Board of Commissioners with failing to maintain accurate records for client fund accounts. This conduct resulted in the Ohio Supreme Court imposing a six-month suspension, which was stayed on the condition that Trainor provided occasional accountings of his funds to a Disciplinary Counsel investigator. Cincinnati Bar Ass'n v. Trainor, 99 Ohio St. 3d 318, 791 N.E.2d 972 (Oh. 2003). In addition, per SCR 3.435(4), this Court imposed a reciprocal six-month suspension on Trainor in October 2004, which was also stayed so long as Trainor obeyed the conditions outlined by the Supreme Court of Ohio. Finding that a public reprimand is still the appropriate discipline, and that there is no cause why Trainor should not face reciprocal discipline in this case, this Court grants the KBA's motion and adopts the recommended discipline of a public reprimand.

Therefore, it is hereby ORDERED that:

1. Pursuant to SCR 3.435(4), Robert N. Trainor is publicly reprimanded for his violation of the Ohio Rules of Professional Conduct and the Kentucky Rules of Professional Conduct.

2. Pursuant to SCR 3.450, Robert N. Trainor is directed to pay the costs associated with this proceeding, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

Entered: February 19, 2009.

CHIEF JUSTICE

4