**KENTUCKY BAR ASSOCIATION,
Movant,**

v.

**William Eric MINAMYER,
Respondent.**

**No. 2011–SC–000744–KB.**

Supreme Court of Kentucky.

May 24, 2012.

*OPINION AND ORDER*

The Respondent, William Eric Minamyer, KBA Member No. 85774,[1] was sus-

pended from the practice of law by the Supreme Court of Ohio for a period of one year. *Butler Cty. Bar Ass'n v. Minamyer,* 129 Ohio St.3d 433, 953 N.E.2d 315, 320 (2011). However, Minamyer's entire suspension was probated for a period of one year on condition that he (1) be supervised by a monitor, (2) limit his practice to domestic relations, general litigation, and labor law, (3) continue to follow the recommendations of his treating professionals, including ongoing pharmacological management by his treating physician, and (4) commit no further misconduct. *Id.* at 320–21.

Based on the discipline imposed by the Supreme Court of Ohio, the KBA petitioned this Court for reciprocal discipline pursuant to SCR 3.435. Having reviewed Minamyer's response to the KBA's petition, we impose reciprocal discipline retroactive to July 28, 2011.

## I. BACKGROUND

The facts underlying Minamyer's Ohio suspension stem from conduct related to a single client's case. The facts, as set forth by the Supreme Court of Ohio, are as follows:

> [I]n April 2006, [Minamyer] filed a complaint on the [client]'s behalf in the Butler County Court of Common Pleas. Although [Minamyer] received notice of and participated in a mediation session and unsuccessfully opposed defendant's counsel's motion for leave to withdraw as counsel, he failed to submit a pretrial statement or appear at the scheduled pretrial on August 30, 2007. And in September 2007, the trial court granted the defendant's unopposed motion to dismiss the complaint.

---

1. Minamyer was admitted to the practice of law on July 12, 1995, and his roster address is 9832 Farmstead Drive, Loveland, Ohio 45140.

When [Minamyer] learned of the dismissal, he advised the [client] that she did not need to appear for trial, without explaining that her case had been dismissed. From September to December 2007, when the [client] called [Minamyer] to discuss her case, he told her that he would send her something in the mail, but he never did. In December 2007, the [client] received a statement of court costs due and learned for the first time that her complaint had been dismissed.

[Minamyer] admitted that he had failed to advise the [client] that he did not carry malpractice insurance but advanced various excuses for his neglect, including the misdirection of his mail by the court, an office move, and an illness. He offered no documentary evidence to corroborate his testimony.

In its December 18, 2009 report granting relator's motion for default and in its December 9, 2010 report on remand, the [Board of Commissioners on Grievances and Discipline] found that [Minamyer] had violated DR 1–104 and Prof.Cond.R. 1.4(c) (both requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance),[2] DR 6–101(A)(3) and Prof.Cond.R. 1.3 (both requiring a lawyer to act with reasonable diligence in representing a client), Prof.Cond.R. 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), Prof.Cond.R. 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), and DR 1–102(A)(4) and Prof.Cond.R. 8.4(c) (both prohibiting a

lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

*Id.* at 317–18.

Based upon this misconduct, the Board recommended that Minamyer be suspended from the practice of law for two years, "with the second year stayed for monitored probation." *Id.* at 317. However, after considering the mitigating evidence produced by Minamyer, the Supreme Court of Ohio declined to adopt the recommended sanction. *Id.* at 320. Instead, it imposed a one-year suspension probated upon the conditions enumerated above. *Id.* at 320–21. Among the mitigating evidence the court considered were the following facts: (1) that Minamyer had suffered a head injury during a Navy helicopter crash in 2002; (2) that Minamyer had been diagnosed with a traumatic brain injury, depression, and PTSD; (3) that Minamyer has received substantial treatment for his diagnosed conditions; (4) that Minamyer has participated in rehabilitation programs to improve his memory; (5) that this is the first disciplinary action taken against Minamyer in his over 30 years of practice; and (6) that Minamyer expressed genuine remorse and contrition. *Id.* at 319, 320.

Following the Ohio proceedings, upon motion by the KBA, this Court ordered Minamyer to show cause why reciprocal discipline should not be imposed in accordance with SCR 3.435. In his response to the show cause order, Minamyer does not contest the validity of the Ohio proceedings. Instead, he requests that this Court stay any suspension it imposes upon him

---

**2.** Kentucky's Rules of Professional Conduct do not require attorneys to advise their clients regarding their insurance status. However, we have previously issued reciprocal discipline for violation of Ohio Rule 1.4(c) based on SCR 3.130–3.4(c), which prohibits a law-

yer from "knowingly disobey[ing] an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." *See Kentucky Bar Ass'n v. Trainor,* 277 S.W.3d 604, 605 (Ky. 2009).

pending the completion of his year of monitoring in Ohio. In the alternative, Minamyer requests that this Court impose discipline identical to that imposed by the Supreme Court of Ohio.

## II. ANALYSIS

Pursuant to SCR 3.435, where an attorney is subjected to professional discipline in another jurisdiction, this Court "shall impose the identical discipline" unless the attorney proves by substantial evidence of one of the following: (1) a lack of jurisdiction in the out-of-state proceedings; (2) fraud in the out-of-state proceedings; or (3) that the misconduct warrants substantially different discipline in this State. "In all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." SCR 3.435(4)(c).

In this case, Minamyer does not allege that the Supreme Court of Ohio lacked jurisdiction or that its proceedings were tainted by fraud. Nor does he suggest that his misconduct warrants substantially different discipline in the Commonwealth. As a result, pursuant to SCR 3.435, this Court shall impose reciprocal discipline identical to that imposed by the Supreme Court of Ohio. However, given the mitigating circumstances in this case, we believe it is appropriate to impose Minamyer's reciprocal discipline retroactive to the date it was imposed by the Supreme Court of Ohio, July 28, 2011. *See Kentucky Bar Ass'n v. Harwood,* 341 S.W.3d 85, 88 (Ky. 2011) (imposing retroactive reciprocal discipline based on mitigating factors).

**3.** We decline to impose one of the conditions imposed by the Supreme Court of Ohio—that Minamyer be monitored by an attorney for his practice in Kentucky. We believe that Ohio's

Accordingly, it is hereby ORDERED as follows:

(1) William Eric Minamyer is hereby retroactively suspended from the practice of law in Kentucky for a period of one year, probated for one year, effective July 28, 2011, on condition that he: (1) limit his practice to domestic relations, general litigation, and labor law; (2) continue to follow the recommendations of his treating professionals, including ongoing pharmacological management by his treating physician; and (3) commit no further misconduct.[3] His suspension is to run concurrently with the one-year probated suspension imposed by the Supreme Court of Ohio.

All sitting. All concur.

ENTERED: May 24, 2012.

/s/ John D. Minton, Jr.
CHIEF JUSTICE

monitor will adequately supervise Minamyer's practice and that supervision by two attorneys, one in Ohio and one in Kentucky, is unnecessary.