**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**William Eric MINAMYER,**
Respondent.

**No. 2011–SC–000744–KB.**

Supreme Court of Kentucky.

Aug. 23, 2012.

## OPINION AND ORDER

This Court imposed reciprocal discipline (pursuant to SCR 3.435(4)) upon Respondent, William Eric Minamyer,[1] earlier this year in *Kentucky Bar Ass'n v. Minamyer*, 365 S.W.3d 546 (Ky.2012). The Supreme Court of Ohio had already suspended Minamyer from the practice of law for a period of one year for violating several of Ohio's Rules of Professional Conduct.[2] *Butler Cty. Bar Ass'n v. Minamyer*, 129 Ohio St.3d 433, 953 N.E.2d 315, 320 (2011). His Ohio suspension was probated for a period of one year so long as he adhered to the conditions set by that court. *Id.* at 320–21.

We imposed reciprocal discipline, mirroring (with one exception) the conditions of his Ohio suspension, ordering that:

William Eric Minamyer is hereby retroactively suspended from the practice of law in Kentucky for a period of one year, probated for one year, effective July 28, 2011, on condition that he: (1)

1. Minamyer was admitted to the practice of law on July 12, 1995, and his roster address is 9832 Farmstead Drive, Loveland, Ohio 45140. His KBA Member Number is 85774.

2. In that case, Minamyer had: failed to keep a client reasonably apprised of her case; failed to act with reasonable diligence in rep-

resenting her; engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation; and failed to inform his client that he did not maintain professional-liability insurance (a requirement in Ohio, but not in Kentucky).

limit his practice to domestic relations, general litigation, and labor law; (2) continue to follow the recommendations of his treating professionals, including ongoing pharmacological management by his treating physician; and (3) commit no further misconduct.[3] His suspension is to run concurrently with the one-year probated suspension imposed by the Supreme Court of Ohio.

*KBA v. Minamyer*, 365 S.W.3d at 548.

Because Minamyer failed to pay the costs associated with his Ohio disciplinary proceeding, the Supreme Court of Ohio held him in contempt, revoked the probation of its original order of suspension, and suspended him from the practice of law for one year, beginning April 24, 2012. The KBA petitioned this Court for further reciprocal discipline pursuant to SCR 3.435(4), and Minamyer failed to show cause why such should not be imposed.

Pursuant to SCR 3.435, where an attorney is subjected to professional discipline in another jurisdiction, this Court "shall impose the identical discipline" unless the attorney proves by substantial evidence one of the following: (1) a lack of jurisdiction in the out-of-state proceedings, (2) fraud in the out-of-state proceedings, or (3) that the misconduct warrants substantially different discipline in this State. "In all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." SCR 3.435(4)(c).

In this case, Minamyer does not allege that the Supreme Court of Ohio lacked jurisdiction or that its proceedings were tainted by fraud. Nor does he suggest that his misconduct warrants substantially different discipline in the Commonwealth. As a result, pursuant to SCR 3.435, this Court should impose reciprocal discipline identical to that imposed by the Supreme Court of Ohio.

While he does not show adequate cause, he does, however, offer mitigating factors. Minamyer suffered a concussion in an automobile accident on October 20, 2011. This injury was made more serious by his medical history of a traumatic brain injury (suffered when the Navy helicopter in which he was a riding crashed in the conflict in the Middle East in 2002). He has not made an appearance in any Court in Kentucky since his automobile accident. He also offers in mitigation the fact that his failure to pay the costs of his Ohio disciplinary hearing is due to an inability to pay; and that he currently has a pending bankruptcy case in the Southern District of Ohio.

Given the mitigating circumstances in this case, we believe it is appropriate to impose Minamyer's reciprocal discipline retroactive to the date it was imposed by the Supreme Court of Ohio, April 24, 2012. *See Kentucky Bar Ass'n v. Harwood*, 341 S.W.3d 85, 88 (Ky.2011) (imposing retroactive reciprocal discipline based on mitigating factors).

Accordingly, it is hereby ORDERED as follows:

(1) William Eric Minamyer is subject to reciprocal discipline in Kentucky for the unprofessional conduct he committed in Ohio;

---

**3.** "We decline[d] to impose one of the conditions imposed by the Supreme Court of Ohio—that Minamyer be monitored by an attorney for his practice in Kentucky. We believe[d] that Ohio's monitor [would] adequately supervise Minamyer's practice and that supervision by two attorneys, one in Ohio and one in Kentucky, [was] unnecessary." *Minamyer*, 365 S.W.3d at 548 n. 3.

(2) Minamyer is hereby retroactively suspended from the practice of law in Kentucky for a period of one year, effective April 24, 2012;

(3) Pursuant to SCR 3.390, Minamyer shall, within ten days from the entry of this Opinion and Order: (a) notify, in writing, all clients of his inability to represent them, and of the necessity and urgency of promptly retaining new counsel; (b) notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; and (c) to the extent possible, immediately cancel and cease any advertising activities in which he is engaged; and

(4) Minamyer shall pay all costs, if any, associated with these proceedings, for which execution may issue from this Court upon certification of costs by the Disciplinary Clerk of the KBA.

All sitting. All concur.

ENTERED: August 23, 2012.

/s/ John D. Minton, Jr.
Chief Justice