TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000708-KB

**FINAL**

**DATE** 5-27-15 EnAGroumm,D.C.

KENTUCKY BAR ASSOCIATION                                              MOVANT

V.                              IN SUPREME COURT

JAMES NEAL TILSON                                              RESPONDENT

## OPINION AND ORDER

Respondent, James Neal Tilson, whose last known bar roster address is 341 S. Second Avenue, Yuma, Arizona 85364, and whose KBA Member Number is 87209, was admitted to the practice of law in the Commonwealth of Kentucky in 1998. He is a member of the Arizona bar and has recently been suspended from the practice of law there for numerous ethical violations. The Kentucky Bar Association's Office of Bar Counsel has filed a petition for reciprocal discipline under Supreme Court Rule 3.435, and has asked this Court to require Tilson to show cause why identical reciprocal discipline against him should not be imposed in Kentucky under Supreme Court Rule 3.435. This Court issued a show-cause order, but Tilson failed to file a response.

On October 17, 2014, the Supreme Court of Arizona entered an order accepting discipline by consent suspending Respondent from the practice of law in Arizona for three years. *See In re Tilson*, No. PDJ-2014-9047 (Oct. 17,

2014) (Order Accepting Agreement for Discipline by Consent as Modified).[1] The court's order lays out the factual basis for eleven disciplinary charges, consisting largely of accepting fees and failing to do work on the cases. The court also noted that Tilson has "voluntarily waived the right to an adjudicatory hearing on all the charges" and that he had agreed to "be suspended from the practice of law for three years, pay restitution in an amount specified in the Agreement as to six of the charges, as a term of probation, participate in fee arbitration regarding four of the charges, pay costs of this matter and other terms as set forth in the Agreement." *Id.* at 1–2. The presiding judge in the matter ultimately proposed modifying the agreement as to certain matters, such as to include mandatory language and to allow an incarcerated former client meaningful access to fee arbitration, and the modifications were accepted. The agreement was otherwise accepted.

Under Kentucky Supreme Court Rule 3.435(4), Tilson shall be subject to identical discipline in the Commonwealth of Kentucky "unless [he] proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that the misconduct established warrants substantially different discipline in this State." SCR 3.435(4)(a)–(b). The Arizona order, as a "final adjudication in another jurisdiction that an attorney has been guilty of misconduct[,] shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." SCR 3.435(4)(c).

---

[1] The decision and other documents in the case are available online at http://www.azcourts.gov/Portals/101/2014/TilsonZIP.pdf.

Tilson has not shown cause why identical reciprocal discipline should not be imposed. This Court sees no reason why Tilson should not be subjected to identical discipline in this state.

It is hereby ORDERED that:

1. The Kentucky Bar Association's petition for reciprocal discipline is GRANTED. Respondent, James Neal Tilson, is suspended from the practice of law in the Commonwealth of Kentucky for a period of three years.

2. As required by SCR 3.390, Tilson will, within 10 days after the issuance of this order of suspension from the practice of law for more than 60 days, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Tilson shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. He shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

3. As stated in SCR 3.390(a), this order shall take effect on the 10th day following its entry. Tilson is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or

collect unearned fees, and shall comply with the provisions of SCR 3.130-7.50(5).

4. In accordance with SCR 3.450, Tilson is directed to pay any costs associated with these disciplinary proceedings against him, should there be any, and execution for such costs may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 14, 2015.

_____
CHIEF JUSTICE

4