TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000532-KB

FINAL

DATE 12/28/16 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                  MOVANT

V.                              IN SUPREME COURT

JAMES NEAL TILSON                                         RESPONDENT

## OPINION AND ORDER

Respondent, James Neal Tilson, is licensed to practice law in Kentucky and was previously licensed in Arizona. In October 2014, he was suspended in Arizona for three years, and in May 2015, this Court imposed identical reciprocal discipline. *See Kentucky Bar Ass'n v. Tilson*, 460 S.W.3d 333 (Ky. 2015). Following this, additional disciplinary proceedings were commenced in Arizona, and in November 2015, Tilson was permanently disbarred in that state by consent. *See In re Tilson*, No. PDJ-2015-9106 (Nov. 10, 2015) (Judgment of Disbarment).[1] The Kentucky Bar Association's Office of Bar Counsel has filed a petition for reciprocal discipline under SCR 3.435.

Tilson's bar roster address is 341 S. Second Avenue, Yuma, Arizona 85364; his KBA Member Number is 87209; and he was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 1998.

---

[1] This document is available at
http://www.azcourts.gov/Portals/101/Nov%202015/Tilson%20James%20N.pdf.

In this most recent matter, Tilson was accused of misconduct in nine different cases. His misconduct all occurred in Arizona, and is summarized as follows:

(1) Tilson was hired by Maria Del Carmen Jiminez and Agustin Espinoza in February 2013 to prevent foreclosure on their home and negotiate a loan modification. He was paid an initial fee of $1,200, and a monthly litigation fee of $600. All told, he was paid $11,400, although he never filed suit. Nonetheless, he gave them fake documents purporting to show that he was litigating on their behalf. He also failed to terminate the representation when he was suspended from the practice of law in 2014.

(2) Irene Duarte hired Tilson in April 2013, also to prevent a foreclosure. She paid an initial fee of $800, and $450 per month thereafter, for a total of $7,100. At that point, she stopped paying, and her house went into foreclosure. Tilson waited seven months before filing suit, and did not seek a preliminary injunction until February 2014. He also failed to serve the defendant in accordance with court orders, and the case was dismissed in August 2014. He failed to respond to requests for information from Duarte and did not inform her of his suspension.

(3) Jorge Villa hired Tilson in June 2014 for a divorce. He paid an advance fee of $2,000, with an additional $2,000 to be paid at $500 per month after that. Tilson failed to file the petition for dissolution. When Villa's wife's attorney contacted Tilson to inform him that he had filed a petition on her behalf, Tilson failed to disclose to the attorney that he had been

suspended. Tilson also failed to tell Villa that he had been suspended, and did not respond to an email from Villa requesting a refund of the $2,500 he had paid.

(4) Robert Meadows hired Tilson in August 2014 for a probate matter, paying a flat fee of $5,000. Tilson entered his appearance in the case, and forwarded information from opposing counsel to Meadows, but otherwise did no work. Tilson failed to return Meadows' calls and emails, and failed to tell him when he was suspended.

(5) Gilbert Becerra hired Tilson in a foreclosure proceeding in November 2012. Bercerra paid $12,000 through November 2014 before discovering that Tilson had done no work on his case. Tilson did not inform Bercerra of his suspension.

(6) Gustavo and Mauricia Andrade hired Tilson for a foreclosure action. They paid a $1,000 retainer and a monthly fee of $500. They paid a total of $8,000 before discovering that Tilson had not done any work on their case. The Andrades eventually filed bankruptcy with the help of a non-lawyer to avoid the foreclosure. Tilson did not inform them of his suspension.

(7) Andres Perez also hired Tilson in a foreclosure action, in August 2013, again with an initial fee followed by a monthly fee. Perez paid a total of $8,000 by October 2014. Tilson waited five months before seeking a temporary restraining order in the foreclosure action, and another three months before filing suit. The suit was dismissed in January 2015, and

3

Tilson failed to respond to Perez about an appeal. Tilson also failed to explain his suspension to Perez or anyone else involved in the matter.

(8) Maria Lourdes Urzua hired Tilson in a foreclosure action in January 2013, with a $1,000 initial fee and $500 monthly fee. She paid him $2,500 before discovering that he had done no work on her case. Her home was sold in foreclosure. Urzua was unable to contact Tilson to request a refund because he moved out of his office and changed his phone number. Tilson did not inform Urzua of his suspension, nor did he terminate the representation upon his suspension.

(9) Jose Alfredo Castro hired Tilson in a foreclosure action in April 2014, with a $1,000 initial fee and $500 monthly fee. Castro paid $6,500 through March 2015, when he discovered that Tilson had done no work in the case. Tilson repeatedly assured Castro that he was working on the case, but eventually quit responding to Castro's inquires and disappeared from his office. Tilson never even contacted Castro's bank, and never revealed his suspension.

In all nine cases, Tilson failed to respond to inquiries from the Arizona State Bar.

Tilson was charged with misconduct in all nine cases. He was alleged to have violated the following Arizona Rules of Professional Conduct:

- Rule 1.2, scope of representation and allocation of authority (nine violations).

- Rule 1.3, diligence (nine counts).

4

- Rule 1.3, communication (nine counts).

- Rule 1.5, fees and fee arrangements (nine counts).

- Rule 1.7, conflict of interest (six counts).

- Rule 1.15, safekeeping of client property (four counts).

- Rule 1.16, duties of termination of representation (four counts).

- Rule 3.1, meritorious claims and counterclaims (two counts).

- Rule 3.2, expediting litigation (two counts).

- Rule 8.1, disciplinary matters (nine counts).

- Rule 8.4, misconduct involving dishonesty and misconduct prejudicial to the administration of justice (nine counts).

In all but one of these instances, Kentucky has a parallel rule that is substantively the same. The exception is Arizona's bar on conduct prejudicial to the administration of justice. However, the other state's rules need not be identical to Kentucky's for this Court to impose reciprocal discipline. *Kentucky Bar Ass'n v. Trianer*, 277 S.W.3d 604 (Ky. 2009).

Once the proceedings began in Arizona, Tilson acknowledged that a formal complaint had been filed against him, declined to contest or defend the charges, and consented to disbarment. He also agreed to reimburse each of the former clients described above, for a total of $63,000, and was ordered to pay the costs of the Arizona proceeding. The Arizona judgment of disbarment was entered November 10, 2015.

The Arizona order is a "final adjudication in another jurisdiction that an attorney has been guilty of misconduct" and "shall establish conclusively the

5

misconduct for purposes of a disciplinary proceeding in this State." SCR 3.435(4)(c). Under Kentucky Supreme Court Rule 3.435(4), a lawyer shall be subject to identical discipline in the Commonwealth of Kentucky "unless [he] proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that the misconduct established warrants substantially different discipline in this State." SCR 3.435(4)(a)–(b).

Although he was given the opportunity to make these showings, Tilson did not do so, having failed to respond to this Court's show-cause order. Moreover, this Court sees no reason why Tilson should not be subjected to identical discipline in this state.

### Order

Seeing no reason why Tilson should not be subjected to identical discipline in this state under SCR 3.435, it is hereby ORDERED that:

1.     The Kentucky Bar Association's petition for reciprocal discipline is GRANTED. Respondent, James Neal Tilson, is disbarred in the Commonwealth of Kentucky.

2.     As stated in SCR 3.390(a), this order shall take effect on the tenth day following its entry. Tilson is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not accept new clients or collect unearned fees, and shall comply with the provisions of SCR 3.130-7.50(5).

3.     As under SCR 3.390, Tilson must, within 10 days after the issuance of this order of disbarment, notify by letter duly placed with the

United States Postal Service all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Tilson shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. He shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

4.   In accordance with SCR 3.450, Tilson is directed to pay any costs associated with these disciplinary proceedings against him, should there be any, and execution for such costs may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 15, 2016.

_____
CHIEF JUSTICE

7