TO BE PUBLISHED

# Supreme Court of Kentucky

## 2019-SC-000305-KB

**KENTUCKY BAR ASSOCIATION**　　　　　　　　　　　　　　　　MOVANT

V.　　　　　　　　　　　　　IN SUPREME COURT

**RODGER WILLIAM MOORE**　　　　　　　　　　　　　RESPONDENT

## OPINION AND ORDER

The Supreme Court of Ohio permanently disbarred Rodger William Moore[1] from the practice of law.[2] The Kentucky Bar Association (KBA) filed a petition with this Court asking that we impose reciprocal discipline under Kentucky Rules of the Supreme Court (SCR) 3.435(4). This Court ordered Moore to show cause why we should not impose such discipline, and he has failed to respond to that order. Because Moore failed to show cause why this Court should not impose reciprocal discipline, we hereby disbar him from the practice of law in this Commonwealth, as consistent with the order of the Supreme Court of Ohio.

---

[1] Moore was admitted to the practice of law in the Commonwealth of Kentucky on August 1, 2007. His bar roster address is listed as 1101 St. Gregory Place, Suite 300, Cincinnati, Ohio 41001, and his KBA number is 91860.

[2] *Cincinnati Bar Assn. v. Moore*, Slip Opinion No. 2019-Ohio-2063.

# I. BACKGROUND.

In 2014, Shannon Marshall was a party to a divorce proceeding. Marshall was initially represented by an attorney from legal aid, but, acting upon advice from a friend, Marshall contacted Moore to inquire as to whether he would be willing to take her case. Moore sent Marshall an email stating that he would file a notice of substitution of counsel in her divorce proceeding, and he instructed Marshall to notify her legal-aid attorney that another attorney "volunteered to take [her] case at no charge." Moore also sent an email directly to Marshall's legal-aid attorney stating that he had agreed to represent Marshall at no charge. Moore did not provide Marshall with a fee agreement or any other documents indicating that he intended to charge her for his services. In reliance on Moore's assurance that he would represent her at no charge, Marshall terminated the legal-aid representation. Less than four weeks after Moore commenced the representation, he sent Marshall an invoice for $9,500. Marshall testified that Moore explained that he did not expect Marshall to pay the invoice but instead intended to seek an award of attorney's fees from her husband in the divorce proceeding. But Moore never sought an award of attorney's fees from the court.

In April 2015, Moore began to complain to Marshall that her case "was a lot of work." On April 20, 2015, Moore emailed Marshall an $11,000 promissory note and requested that she sign it. Because Marshall was in dire financial straits and thus had no way to hire another attorney to represent her in the ongoing divorce proceeding, Marshall orally agreed to pay Moore over time in accordance with the promissory note.

2

On June 25, 2015, Moore was suspended from the practice of law in Ohio for two years, with the second year stayed on conditions—which was later revoked upon a finding of contempt for continuing to practice law during the term of suspension—"based on findings that [Moore] engaged in illegal activities that adversely reflected on his honesty and trustworthiness, and knowingly made false statements of material facts during the ensuing disciplinary investigation."

Just one day after his suspension, Moore attempted to represent Marshall during a hearing in her divorce case. Moore did inform Marshall that he was not sure the court would allow him to represent her at this hearing. The presiding magistrate ultimately continued the hearing to allow Marshall to find other representation after he noted Moore's suspension and instructed Moore to leave the courtroom. Moore's associate, Andrew Green, took over representation through the trial of Marshall's divorce in September 2015.

In September 2016, Green filed a breach of contract action against Marshall on behalf of Moore. The complaint falsely alleged that Marshall had agreed to Moore's billing rate of $225 an hour and that Moore made multiple requests for payment of his fee, to which Marshall refused to respond. Marshall was forced to hire an attorney to defend against this complaint. The trial court eventually dismissed the action.

The Supreme Court of Ohio adopted the Ohio Board of Professional Conduct's finding that Moore's conduct in agreeing to represent Marshall for free and then demanding she sign a promissory note, using a "bait and switch" tactic, and knowingly making false allegations in the breach of contract

3

complaint violated the equivalent of Kentucky's SCR 3.130-1.5(a) for charging an unreasonable ("excessive") fee; and SCR 3.130-8.4(c) for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. The Supreme Court of Ohio also adopted the Board's finding that Moore violated Ohio's Prof.Cond.R. 8.4(d), which prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice.[3] Based on these findings, the Supreme Court of Ohio agreed with the Board's assessment that Moore was no longer fit to practice law and permanently disbarred Moore.

## II. ANALYSIS.

If an attorney licensed to practice law in the Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) generally requires this Court to impose identical discipline unless the respondent proves "by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State." Furthermore, SCR 3.435(4)(c) requires this Court to recognize that "[i]n all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in [Kentucky]." Under SCR 3.435(4), we impose reciprocal discipline because Moore failed to offer any evidence that the Ohio Supreme Court lacked

---

[3] Kentucky does not have a counterpart to Ohio's Prof.Cond.R. 8.4, but the rules need not be identical to impose reciprocal discipline. *Kentucky Bar Ass'n v. Trainor*, 277 S.W.3d 604, 605 (Ky. 2009).

4

jurisdiction, the Ohio proceeding was fraudulent, or that Moore's misconduct warranted substantially different discipline in Kentucky.

### III. ORDER.

For the reasons stated above, the Court ORDERS that:

1. Rodger William Moore is permanently disbarred from the practice of law in Kentucky; and

2. In accordance with SCR 3.450, Moore shall pay all costs associated with these proceedings; and

3. Under SCR 3.390, Moore must, within ten days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Moore must immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: September 26, 2019

CHIEF JUSTICE

5