DISCIPLINARY COUNSEL *v*. POTTER.

[Cite as *Disciplinary Counsel v. Potter*, 126 Ohio St.3d 50, 2010-Ohio-2521.]

*Attorneys — Misconduct — Violation of Prof.Cond.R. 8.4(c), but with significant mitigating factors — One-year license suspension stayed on condition.*

(No. 2010-0288 — Submitted March 31, 2010 — Decided June 10, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-049.

_____

**Per Curiam**.

{¶ 1} Respondent, Albert Loron Potter II of Bowling Green, Ohio, Attorney Registration No. 0023775, was admitted to the practice of law in Ohio in 1982.

{¶ 2} Relator, Disciplinary Counsel, charged respondent with violating Prof.Cond.R. 8.4(b) (prohibiting illegal acts that reflect adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting conduct that adversely reflects on the lawyer's fitness to practice law). The parties stipulated that the respondent's conduct violated Prof.Cond.R. 8.4(c) and 8.4(h), and relator dismissed the 8.4(b) charge.

{¶ 3} A panel of board members heard the case and, based on the submitted stipulations and other evidence, issued findings of fact and conclusions of law. The panel found clear and convincing evidence that respondent violated the rules as stipulated. The parties submitted a proposed sanction of a one-year suspension, all conditionally stayed, which the panel also recommended. The Board of Commissioners on Grievances adopted the panel's findings of fact,

conclusions of law, and recommended sanction. We accept the board's findings and conclusions, and we adopt the recommended sanction.

**Stipulated Misconduct**

{¶ 4} The respondent began representing a client in 2003, and the client granted respondent a power of attorney. A previous attorney-in-fact had depleted the client's savings, leaving him no funds for his nursing-home care and medical needs. The respondent controlled his client's finances, was responsible for decisions relating to the client's medical care, and handled a variety of legal matters such as pursuing litigation against the former attorney-in-fact and terminating the client's family trust. To pay for his client's medical care, respondent mortgaged some of the client's property.

{¶ 5} In 2006, the client died, and respondent was appointed executor of the estate. Respondent determined it necessary to sell farm property that the client had owned to satisfy the mortgage that had paid for the client's care. The sole beneficiary of the client's estate agreed that the sale was necessary. A local appraiser approved by the probate court appraised the property at $183,750, and the appraisal was included in the inventory and appraisal of the estate also approved by the probate court.

{¶ 6} Respondent wanted to buy the farm property. Although he initially mentioned this fact to the beneficiary of his client's estate, he did not pursue the possibility of a sale with her. Instead, respondent contacted a friend and asked the friend to purchase the property in his own name while using funds from respondent. In August 2007, respondent, as executor for the estate, entered into a contract to sell the farm property to the friend and the friend's wife for the appraised value. The cashier's check the friend used to purchase the property was drawn from respondent's personal funds. The check did not include a remitter. At the time of the transaction, respondent did not disclose his involvement in the

purchase of the property to the beneficiary of the estate, the probate court, or the closing agent.

{¶ 7} In May 2008, respondent self-reported his misconduct to relator. Respondent cooperated with the investigation, met with the beneficiary of the estate to disclose the misconduct, and amended certain filings in the probate court to reflect his purchase of the property. Respondent continued to serve as executor of the estate until it was closed in August 2009, and no actions have been filed in probate court complaining of the real estate transaction. Respondent agreed to waive extraordinary legal fees, totaling $90,969.47, owed him by the estate. It appears that no one lost money due to the respondent's misconduct.

**Sanction**

{¶ 8} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

{¶ 9} The board found that factors mitigating respondent's conduct included his lack of a prior disciplinary record, BCGD Proc.Reg. 10(B)(2)(a), his effort to rectify the consequences of his misconduct, 10(B)(2)(c), his full cooperation in the investigation and his self-reporting to Disciplinary Counsel, 10(B)(2)(d), and his otherwise good character and reputation, 10(B)(2)(e). The

board found that the lone aggravating factor in relation to respondent's conduct was that he had acted with a dishonest or selfish motive, BCGD Proc.Reg. 10(B)(1)(b).

{¶ 10} A violation of Prof.Cond.R. 8.4(c) will typically result in an actual suspension from the practice of law unless "significant mitigating factors that warrant a departure" from that principle are present. *Disciplinary Counsel v. Rohrer*, 124 Ohio St.3d 65, 2009-Ohio-5930, 919 N.E.2d 180, ¶ 45. We agree with the board and the parties that this case is one in which significant mitigating factors are present, and those factors lead us to conclude that respondent is unlikely to commit future misconduct. See *Disciplinary Counsel v. Niermeyer*, 119 Ohio St.3d 99, 2008-Ohio-3824, 892 N.E.2d 434, ¶ 13.

{¶ 11} Respondent is therefore suspended from the practice of law in Ohio for one year; however, the suspension is stayed on the condition that he commit no further misconduct during the stayed suspension period. If respondent violates this condition, the stay will be lifted, and respondent will serve the one-year suspension. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., and Geoffrey Stern, for respondent.

_____