AKRON BAR ASSOCIATION *v.* DELOACH.

[Cite as *Akron Bar Assn. v. DeLoach,* 130 Ohio St.3d 153, 2011-Ohio-4201.]

*Attorneys—Misconduct—Conduct involving dishonesty, fraud, deceit, or misrepresentation—Significant mitigating factors—Six-month suspension, all stayed, with two years' probation.*

(No. 2011-0353—Submitted April 19, 2011—Decided August 31, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-010.

_____

**Per Curiam.**

{¶ 1} Respondent, Jana Bassinger DeLoach of Akron, Ohio, Attorney Registration No. 0071743, was admitted to the practice of law in Ohio in November 1999. On February 8, 2010, a two-count formal complaint was filed against respondent by the Akron Bar Association. The first count alleged a violation of Prof.Cond.R. 1.3 and 1.4, claiming that respondent failed to act with reasonable diligence and promptness in representing her client and that she failed to reasonably communicate with her client. The second count alleged violations of Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with the investigation).

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline heard the case and, based on the parties' stipulations and other evidence, dismissed Count One and that part of Count Two that alleged a violation of Gov.Bar R. V(4)(G), but found a violation of Prof.Cond.R. 8.4(c). Accordingly, the panel recommended the jointly proposed sanction of a six-month

suspension, all stayed, on the condition of no further disciplinary violations, with costs taxed to respondent.

{¶ 3} The board adopted the findings of fact, conclusions of law, and recommendation of the panel that respondent be suspended from the practice of law for a period of six months, with the entire six months stayed and costs taxed to respondent. In addition, the board recommended two years of monitored probation. We accept the board's findings of fact, conclusions of law, and recommended sanction.

**Misconduct**

{¶ 4} The stipulated facts establish that on September 30, 2008, respondent was appointed to represent a client for an appeal to the Ninth District Court of Appeals following his conviction for aggravated burglary. To waive the filing fee for an appeal if an individual is indigent and incarcerated, a notarized affidavit of indigency must be filed with the court along with a statement from the prison with respect to any funds held in the inmates' financial account. Loc.R. 2(C) of the Ninth Appellate District. Respondent filed the motion to waive the monetary filing deposit along with the notice of appeal. But the court denied the motion because respondent failed to file the affidavit of indigency and supporting financial documents. The court ordered the client to pay the deposit or request a waiver of the deposit and to show good cause if he could not comply before December 10, 2008.

{¶ 5} On January 22, 2009, the court dismissed the appeal because the required documents had not been filed. A new appellate attorney was appointed, and the appeal was reopened. The conviction was affirmed.

{¶ 6} On June 1, 2009, the Akron Bar Association received a written grievance from the client. During the investigation, respondent represented to the investigator that she had sent letters to her client about the need to prepare the affidavit of indigency and obtain information regarding his finances at the prison.

2

When requested by the investigator, respondent e-mailed electronic copies of the letters to him in Microsoft Word format. The investigator had expected to receive scanned or hard copies of the actual letters sent to the client. He became suspicious of the format of the letters when the metadata indicated that the letters had been created at the Akron Law Library the same day he received them. The investigator questioned respondent about this. She misrepresented that she had found the paper copies but had just retyped the letters to get them to the investigator more quickly.

{¶ 7} The investigator found this explanation to be implausible, since respondent could have driven to any copy center and faxed the originals instead of driving from her home to the Akron Law Library to retype and e-mail the letters. Upon further inquiry, respondent admitted that she had in fact recreated the letters because she was unable to find the originals due to poor recordkeeping and organizational deficiencies. After the written complaint was filed, she located the original letters and provided them to the investigator, demonstrating that the substance of the letters actually sent and the recreations was the same.

{¶ 8} Respondent testified that she is a sole practitioner with little secretarial support, resulting in a high level of disorganization in her office. Since this investigation began, she has sought direction from another local attorney to improve her office practices and is planning to re-engage a former secretary for assistance.

{¶ 9} We agree with the board's finding and the stipulations that a violation of Prof.Cond.R. 8.4(c) occurred.

### Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818. We also weigh evidence of the aggravating

and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935.

{¶ 11} As an aggravating factor, the board found that respondent had admitted to deceptive practices during the disciplinary process, BCGD Proc.Reg. 10(B)(1)(f). The board also found a mitigating factor in the absence of a prior disciplinary record, BCGD Proc.Reg. 10(B)(2)(a).

{¶ 12} We have held that "[a] violation of Prof.Cond.R. 8.4(c) will typically result in an actual suspension from the practice of law unless 'significant mitigating factors that warrant a departure' from that principle are present." *Disciplinary Counsel v. Potter*, 126 Ohio St.3d 50, 2010-Ohio-2521, 930 N.E.2d 307, ¶ 10, quoting *Disciplinary Counsel v. Rohrer*, 124 Ohio St.3d 65, 2009-Ohio-5930, 919 N.E.2d 180, ¶ 45. See *Disciplinary Counsel v. Carroll*, 106 Ohio St.3d 84, 2005-Ohio-3805, 831 N.E.2d 1000, ¶ 13 (violation of analogous former DR 1-102(A)(4) usually results in an actual suspension unless mitigating factors warrant a lesser sanction).

{¶ 13} Significant mitigating factors are present here. Respondent has no prior disciplinary record and has shown remorse for her actions. This is a single case of misconduct with no intent to obtain financial gain. The recreated letter was later verified to be substantively the same as the original, so the misrepresentations did not mislead the investigator. Respondent also did not gain any unfair advantage from the deception, and no one was harmed. She has acknowledged her misconduct and misrepresentations and has made attempts to correct her organizational system.

{¶ 14} In *Disciplinary Counsel v. Ricketts*, 128 Ohio St.3d 271, 2010-Ohio-6240, 943 N.E.2d 981, ¶ 41, in which the respondent violated DR 1-102(A)(4), we found that the lack of a malicious or selfish motive for the

misrepresentation warranted a stayed six-month suspension. Based upon respondent's own admissions in this case that she violated Prof.Cond.R. 8.4(c) and the fact that she does not have a prior disciplinary record, the board recommended a six-month suspension, all stayed on the condition of two years' monitored probation. We adopt the board's recommended sanction.

{¶ 15} Accordingly, respondent, Jana Bassinger DeLoach, is suspended from the practice of law for a period of six months with the entire six months stayed. Respondent shall also serve two years of monitored probation. If respondent violates the conditions of her monitored probation, the six-month actual suspension will be imposed. Costs of these proceedings shall be taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

William G. Chris, Bar Counsel; Richard P. Kutuchief Law Offices and Richard P. Kutuchief; and James S. Thomasson, for relator.

Jana Bassinger DeLoach, pro se.

_____