AKRON BAR ASSOCIATION *v.* DELOACH.

[Cite as *Akron Bar Assn. v. DeLoach,* 133 Ohio St.3d 329, 2012-Ohio-4629.]

*Attorneys—Misconduct—Failure to notify clients of lack of malpractice insurance—Public reprimand.*

(No. 2012-0688—Submitted June 6, 2012—Decided October 10, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-085.

_____

**Per Curiam.**

{¶ 1} Respondent, Jana Bassinger DeLoach of Akron, Ohio, Attorney Registration No. 0071743, was admitted to the practice of law in Ohio in 1999. In 2011, we suspended DeLoach's license to practice law, stayed the suspension, and imposed a two-year probation pursuant to Gov.Bar R. V(9). *Akron Bar Assn. v. DeLoach*, 130 Ohio St.3d 153, 2011-Ohio-4201, 956 N.E.2d 811.

{¶ 2} In October 2011, less than two months after we imposed discipline on DeLoach, relator, Akron Bar Association, filed a complaint alleging that when representing two clients, DeLoach violated Prof.Cond.R. 1.4(c) (requiring a lawyer to give clients written notice if the lawyer does not maintain professional-liability insurance and to have clients sign the notice). The parties submitted stipulations of fact and misconduct, and a panel of the Board of Commissioners on Grievances and Discipline conducted a hearing to determine the appropriate sanction for the misconduct. The board accepted the parties' agreed stipulations and the panel's recommendation that we publicly reprimand DeLoach for her conduct. We adopt the board's findings of fact and misconduct and hereby publicly reprimand DeLoach for violating Prof.Cond.R. 1.4(c).

**Misconduct**

**{¶ 3}** The stipulated facts of this case and DeLoach's hearing testimony establish that in January 2011, members of the Akron Bar Association's certified grievance committee discovered the malpractice-insurance violations while interviewing DeLoach about two other grievances filed against her. DeLoach advised the committee members that she did not carry liability insurance and that she had not informed her clients in writing or had them sign any acknowledgment of that fact. The committee voted to dismiss the underlying grievances. We accept the findings of misconduct as stipulated by the parties and as found by the panel and adopted by the board.

**Aggravating and Mitigating Factors**

**{¶ 4}** The board found one aggravating factor: DeLoach has been previously disciplined. *See* BCGD Proc.Reg. 10(B)(1)(a). By contrast, the board noted substantial mitigation. Before the panel, DeLoach testified to her dedication to her clients, most of whom are indigent criminal defendants seeking postconviction relief, a unique specialty in Akron. Two character witnesses, a colleague and the mother of one of her clients, testified to her diligence, passion, and good character. Both echoed DeLoach's assertion that she pursues justice for her clients regardless of their ability to pay her. *See* BCGD Proc.Reg. 10(B)(2)(b), (d), and (e). The panel and board found that this mitigation far outweighed the one aggravating factor.

**Sanction**

**{¶ 5}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the duties violated by the lawyer in question and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. The Akron Bar Association made no recommendation as to sanction, and DeLoach seeks only to continue practicing law.

**{¶ 6}** The board recommends a public reprimand because DeLoach's earlier probation continues, so DeLoach is already working with a monitor to improve the organization and integrity of her practice. We must keep in mind that "our primary purpose in imposing disciplinary sanctions is not to punish the offender but to protect the public." *Toledo Bar Assn. v. Scott*, 129 Ohio St.3d 479, 2011-Ohio-4185, 953 N.E.2d 831, ¶ 16. A public reprimand, in addition to DeLoach's stayed suspension and monitored probation, is consistent with the purpose of the disciplinary system.

**{¶ 7}** As the board noted, case law also supports a public reprimand. The board cites *Cincinnati Bar Assn. v. Trainor*, 110 Ohio St.3d 141, 2006-Ohio-3825, 851 N.E.2d 505, ¶ 9, for the conclusion that a lawyer's failure to notify clients that he or she lacks malpractice insurance warrants a public reprimand. We publicly reprimanded Trainor even though he had previously committed professional misconduct. *Id*. at ¶ 5.

**{¶ 8}** Having weighed the aggravating and mitigating factors in this case and having considered the sanction previously imposed for the same misconduct, we adopt the board's recommended sanction of a public reprimand. We agree that DeLoach failed to properly notify her clients that she had no malpractice insurance in violation of Prof.Cond.R. 1.4(c) and that a public reprimand is warranted. DeLoach is hereby publicly reprimanded. Costs are taxed to DeLoach.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Burdon & Merlitti and Nathan A. Ray; and Roetzel & Andress, L.P.A., and Steven Cox, for relator.

Jana DeLoach, pro se.

_____