AKRON BAR ASSOCIATION *v.* DELOACH.

[Cite as *Akron Bar Assn. v. DeLoach,* 143
Ohio St.3d 39, 2015-Ohio-494.]

(No. 2014–0547—Submitted May 28, 2014—Decided February 19, 2015.)

———

**Per Curiam.**

{¶ 1} Respondent, Jana Bassinger DeLoach of Akron, Ohio, Attorney Registration No. 0071743, was admitted to the practice of law in Ohio in 1999. In December 2010, we suspended her license for failing to comply with the continuing-legal-education requirements of former Gov.Bar R. X(5), but we reinstated her the following month. *In re DeLoach,* 127 Ohio St.3d 1493, 2011-Ohio-8, 939 N.E.2d 190. In August 2011, we sanctioned her with a stayed six-month suspension and a two-year period of monitored probation for engaging in dishonest conduct during a disciplinary investigation. *Akron Bar Assn. v. DeLoach,* 130

Ohio St.3d 153, 2011-Ohio-4201, 956 N.E.2d 811. And in October 2012, we publicly reprimanded her for failing to properly notify clients that she lacked professional liability insurance. *Akron Bar Assn. v. DeLoach*, 133 Ohio St.3d 329, 2012-Ohio-4629, 978 N.E.2d 181.

{¶ 2} In May 2013, relator, the Akron Bar Association, charged DeLoach with professional misconduct for neglecting a client matter, charging that same client an excessive fee, and failing to deposit the client's retainer in her client trust account, among other alleged improprieties. The parties entered into stipulations of fact and misconduct and jointly recommended that DeLoach serve a stayed one-year suspension. After a hearing, a three-member panel of the Board of Commissioners on Grievances and Discipline[1] dismissed one charge of the complaint and issued a report recommending that we find that DeLoach engaged in some of the charged misconduct, dismiss other charges for lack of sufficient evidence, and sanction DeLoach with a two-year suspension, stayed on conditions. The board adopted the panel's report in its entirety, and no party has filed objections to the board's recommendation.

{¶ 3} We adopt the board's findings of fact and misconduct, but we conclude that the circumstances here require that DeLoach serve an actual suspension from the practice of law. Accordingly, DeLoach shall be suspended for two years, with the second year stayed on conditions.

## Misconduct

{¶ 4} In April 2008, Rose Warren paid DeLoach a $7,000 retainer to investigate the murder conviction of Warren's son, OsRouge Turner, and to obtain Turner's release from prison. DeLoach informed Warren that she would charge $250 an hour, "but if the hourly rate subsume[d] the $7,000.00 retainer fee," she would continue to work on the case without further charge.

### *Diligence and communication*

{¶ 5} After accepting the retainer, DeLoach unsuccessfully attempted to obtain the trial transcript and public records regarding Turner's case. However, she did not file a motion for resentencing—one of her stated goals of the representation and the first step in the process of obtaining Turner's release—until May 2010, two years after Warren retained her. Further, DeLoach's motion was only three pages long, and she failed to file a brief in reply to the state's ten-page memorandum in opposition. After about nine months, the trial court had not yet ruled on DeLoach's motion for resentencing. She told Turner that she would

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

update and resubmit the brief, but she failed to file anything additional with the court.

{¶ 6} DeLoach has admitted that she did not act with diligence in filing the motion for resentencing and that some of her preliminary work, such as the public-records requests, was not necessary. The board found that DeLoach "made several bad tactical decisions concerning how to proceed with Turner's claim" and she "failed to appropriately manage her caseload so that she could handle Turner's case competently." Based on this conduct, the board found, and we agree, that DeLoach violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence and promptness in representing a client).

{¶ 7} The board recommends that we dismiss the charged violations of Prof.Cond.R. 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter) and 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client) for lack of sufficient evidence. The board found that although DeLoach failed to represent Turner diligently, she sufficiently communicated with him regarding the limited information she had concerning his case. We accept the board's recommendation and hereby dismiss those charges.

*Excessive fees*

{¶ 8} In 2011, Warren, believing that DeLoach had not achieved anything in her son's case, requested a full refund of the $7,000 retainer. DeLoach did not refund the money, nor did she provide a billing statement to Warren. Indeed, only after relator commenced its investigation did DeLoach create an assessment of the time that she had spent on Turner's case. Using that assessment, relator's expert opined that, at most, DeLoach could have legitimately billed a total of 16.6 hours in her postconviction representation of Turner. And using DeLoach's rate of $250 an hour, relator's expert calculated that she could have charged a total of $4,150, leaving $2,850 from the retainer that should have been refunded to Warren. During DeLoach's disciplinary proceeding, she stipulated that Warren was entitled to this refund, but she did not make restitution until 36 days after the panel hearing.

{¶ 9} DeLoach was permitted to retain only the earned portion of the $7,000 retainer—that is, the reasonable value of the legal services she rendered before her discharge. *See Columbus Bar Assn. v. Farmer*, 111 Ohio St.3d 137, 2006-Ohio-5342, 855 N.E.2d 462, ¶ 31. The board found that by retaining the entire $7,000 fee, DeLoach violated Prof.Cond.R. 1.5(a) (prohibiting a lawyer from charging or collecting a clearly excessive fee). We agree with this finding of misconduct.

*Client-trust-account violations*

{¶ 10} Upon receiving the $7,000 retainer, DeLoach failed to deposit the money into her client trust account, and she did not maintain any records regarding the money. The parties stipulated and the board found that she violated Prof. Cond.R. 1.15(a)(2) (requiring a lawyer to maintain a record for each client on whose behalf funds are held) and 1.15(c) (requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred). We concur.

## Sanction

{¶ 11} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc. Reg. 10(B).[2] *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. However, because each disciplinary case is unique, we are not limited to the factors specified in BCGD Proc.Reg. 10(B) and may take into account all relevant factors in determining which sanction to impose.

*Aggravating and mitigating factors*

{¶ 12} The parties stipulated and the board agreed that the following aggravating factors are present: prior discipline, multiple offenses, and failure to make restitution. *See* BCGD Proc.Reg. 10(B)(1)(a), (d), and (i). The board acknowledged that DeLoach ultimately made restitution, but it nonetheless found that her delay in refunding Warren's money was, on the whole, an aggravating factor. *See Cleveland Metro. Bar Assn. v. Wrentmore*, 138 Ohio St.3d 16, 2013-Ohio-5041, 3 N.E.3d 149, ¶ 18 ("payment of restitution [must] be *timely* to be deemed mitigating" [emphasis sic]). We agree.

{¶ 13} The board also recommends that we treat DeLoach's previous disciplinary offenses as a "multiple offenses" aggravating factor rather than a "prior discipline" aggravating factor because the underlying misconduct here occurred "at a time concurrent" with DeLoach's previous disciplinary offenses. There are cases in which relatively contemporaneous ethical infractions prosecuted separately do not justify a harsher sanction. *See, e.g., Akron Bar Assn. v. Snyder*, 87 Ohio St.3d 211, 212, 718 N.E.2d 1271 (1999) ("The board properly noted that the misconduct charged in the complaint occurred in the same period of time as the charges involved in respondent's previous disciplinary case, which resulted in an

---

2. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

indefinite suspension, and that these new charges did not require a significantly different sanction"). This is not one of those cases.

{¶ 14} DeLoach's misconduct in the present matter was not technically "concurrent" with the misconduct in her prior cases. Relator filed its first complaint in February 2010, which was months before DeLoach filed her belated three-page motion for resentencing in Turner's case and a year before she refused to refund Warren's $7,000 retainer. Thus, DeLoach committed some of the underlying misconduct while her first disciplinary case was pending.

{¶ 15} More importantly, we would have sanctioned DeLoach differently in her prior cases if we had been aware of the extent of her misconduct. In DeLoach's first disciplinary matter, she violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) for falsely recreating client letters in an attempt to defend herself during a disciplinary investigation. *DeLoach,* 130 Ohio St.3d 153, 2011-Ohio-4201, 956 N.E.2d 811, at ¶ 7–9. "A violation of Prof.Cond.R. 8.4(c) will typically result in an actual suspension from the practice of law unless 'significant mitigating factors that warrant a departure' from that principle are present." *Id.* at ¶ 12, quoting *Disciplinary Counsel v. Potter,* 126 Ohio St.3d 50, 2010-Ohio-2521, 930 N.E.2d 307, ¶ 10. We departed from our standard practice of imposing an actual suspension for DeLoach's dishonesty because of the "[s]ignificant mitigating factors" present in her case, including our belief that her deceit was "a single case of misconduct." *Id.* at ¶ 13.

{¶ 16} As it turned out, DeLoach's first disciplinary offense was not a "single case of misconduct." During that same relative time period, she had also been failing to notify clients that she lacked malpractice insurance, which resulted in her second disciplinary sanction. *DeLoach,* 133 Ohio St.3d 329, 2012-Ohio-4629, 978 N.E.2d 181. And she was also engaging in the serious offenses at issue here. If we had been aware of all of these facts, the grounds for our departure from the actual-suspension standard likely would not have existed. Thus, we decline to discount the aggravating effect of her prior discipline.

{¶ 17} In mitigation, the board found the absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and evidence of good character and reputation. *See* BCGD Proc.Reg. 10(B)(2)(b), (d), and (e). In addition, the board noted that DeLoach has complied with the conditions of her previous sanctions. We agree with these findings, although we give little mitigating value to DeLoach's character and reputation evidence. During the panel hearing, the panel members noted that although the parties had stipulated to DeLoach's good reputation, she did not submit any actual character evidence. As a result, the panel allotted DeLoach an extra 30 days after the hearing to introduce letters of commendation

and character references from individuals familiar with her work or her involvement in the community. DeLoach, however, submitted letters only from herself, her brother, and an employee of the Akron Law Library. The letters support DeLoach's testimony that she is committed to pro bono work, but the letters do not describe DeLoach's reputation in the community, as the panel requested.

### Applicable precedent

{¶ 18} To support its recommended sanction of a stayed two-year suspension, the board relies primarily on *Akron Bar Assn. v. Tomer*, 138 Ohio St.3d 302, 2013-Ohio-5494, 6 N.E.3d 1133. In *Tomer*, the attorney had neglected a client matter, failed to notify clients about her lack of malpractice insurance, failed to promptly refund clients' retainers, falsely created letters in a disciplinary investigation, and failed to properly maintain her client trust account. Based mostly on the attorney's "exceptionally strong" mitigation testimony—including significant remorse, numerous awards for community service, and an absence of prior discipline—we found that an actual suspension was not warranted but that a two-year suspension, stayed on conditions, was appropriate. *Id.* at ¶ 15–17.

{¶ 19} The board concluded that because the attorney in *Tomer* and *De-Loach*—when considering all three of her disciplinary cases—violated similar rules, DeLoach should be given the same sanction as Tomer. We disagree. The record here contains less mitigating evidence and more aggravating factors than in *Tomer*. When DeLoach's present misconduct is combined with her prior discipline, it is clear that her ability to practice law is in doubt and that an actual suspension is warranted.

### Conclusion

{¶ 20} For the reasons explained above, Jana Bassinger DeLoach is hereby suspended from the practice of law in Ohio for two years, with the second year stayed on the conditions that (1) she commit no further misconduct, (2) she complete 12 hours of continuing legal education focused on law-practice management and recordkeeping in addition to the requirements of Gov.Bar R. X, and (3) upon reinstatement and for the remainder of her term suspension, she submit to monitored probation pursuant to Gov.Bar R. V(21). If DeLoach fails to comply with the conditions of the stay, the stay will be lifted and she will serve the full two-year suspension. Costs are taxed to DeLoach.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

Roetzel & Andress, L.P.A., and Steven Cox; Thomas P. Kot, Bar Counsel; and Young & Yeargin, L.L.C., and Rocco Yeargin, for relator.

Jana Bassinger DeLoach, pro se.