COLUMBUS BAR ASSOCIATION *v.* ROY.

[Cite as *Columbus Bar Assn. v. Roy*, 143
Ohio St.3d 60, 2015-Ohio-1190.]

(No. 2014–1381—Submitted January 14, 2015—Decided April 1, 2015.)

**Per Curiam.**

{¶ 1} Respondent, Cynthia Marie Roy of Columbus, Ohio, Attorney Registration No. 0022830, was admitted to the practice of law in Ohio in 1982. On August 2, 2013, a probable-cause panel of the Board of Commissioners on Grievances and Discipline[1] certified to the board a four-count complaint filed against Roy by relator, Columbus Bar Association. In that complaint, relator alleged that Roy had committed multiple violations of the Rules of Professional Conduct in handling a single client's domestic-relations matter.

{¶ 2} After a hearing at which Roy, her former client, and counsel for the opposing party in the underlying litigation testified, the panel unanimously dismissed all of the alleged violations in Counts One, Three, and Four, and two of the three alleged violations in Count Two of relator's complaint. *See* Gov.Bar R.

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

V(6)(G). The only remaining alleged violation was that Roy failed to inform her client that she did not maintain professional liability insurance in violation of Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional liability insurance and obtain a signed acknowledgment of that notice from the client). The panel found that Roy violated that rule and recommended that she be publicly reprimanded.

{¶ 3} The board adopted the panel's report in its entirety. We adopt the board's findings of fact and conclusions of law and publicly reprimand Roy for her misconduct.

## Misconduct

{¶ 4} In August 2009, Cynthia Murray retained Roy to represent her in her pending divorce. In May 2012, more than two years after Murray's divorce was final, Murray filed a grievance with relator alleging that Roy had failed to resolve several issues with respect to her divorce proceeding. During the investigation, relator determined that Roy did not carry professional liability insurance while she represented Murray and that she had not given Murray the notice required by Prof.Cond.R. 1.4(c). At the hearing, Roy admitted both her lack of insurance during her representation of Murray and her failure to inform Murray of that fact. The board found that Roy's failure to inform Murray of this lack of coverage, either at the time of her engagement or at any time thereafter, violated Prof.Cond.R. 1.4(c). We adopt these findings of fact and misconduct.

## Sanction

{¶ 5} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors formerly listed in BCGD Proc.Reg. 10(B).[2] *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 6} The board found that none of the aggravating factors listed in BCGD Proc.Reg. 10(B)(1) apply. Mitigating factors present include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Roy's full and free disclosure to the board and cooperative attitude toward the disciplinary proceedings, her good character or reputation apart from the charged misconduct, and other interim rehabilitation as demonstrated by her procurement of

---

2. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

professional liability insurance. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), (e), and (h).

{¶ 7} On these facts, the board recommends that we publicly reprimand Roy for failing to notify her client that she did not carry professional liability insurance during the client's representation. In support of that sanction, the board notes that we have imposed that same sanction for an attorney with a prior disciplinary record who failed to give written notice to two clients that she did not maintain professional liability insurance. *See Akron Bar Assn. v. DeLoach*, 133 Ohio St.3d 329, 2012-Ohio-4629, 978 N.E.2d 181.

{¶ 8} Having considered Roy's misconduct, the mitigating factors present, the absence of aggravating factors, and the sanctions we have imposed for comparable misconduct, we agree that a public reprimand is the appropriate sanction in this case. Accordingly, Cynthia Marie Roy is publicly reprimanded for her failure to comply with Prof.Cond.R. 1.4(c). Costs are taxed to Roy.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———————

Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel; Jon M. Cope; Tyack, Blackmore, Liston & Nigh Co., L.P.A., and Margaret L. Blackmore, for relator.

Alvin E. Mathews Jr., for respondent.