[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Ohio State Bar Assn. v. Owen,* **Slip Opinion No. 2016-Ohio-864.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-864

OHIO STATE BAR ASSOCIATION *v.* OWEN.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Owen,* Slip Opinion No. 2016-Ohio-864.]**

*Attorneys—Misconduct—Failure to properly notify clients that lawyer did not maintain minimum level of professional liability insurance—Public reprimand.*

(No. 2015-1317—Submitted September 15, 2015—Decided March 9, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court of Ohio, No. 2014-089.

————————————

**Per Curiam.**

{¶ 1} Respondent, Christopher Stanley Owen of Moraine, Ohio, Attorney Registration No. 0080766, was admitted to the practice of law in Ohio in 2006. In December 2014, relator, Ohio State Bar Association, charged him with violating the Rules of Professional Conduct regulating, among other things, client

communications, client trust accounts, fee agreements, and the sale and purchase of a law practice. After a hearing, a three-member panel of the Board of Professional Conduct unanimously dismissed all of the charged rule violations except one: the panel found that Owen had violated Prof.Cond.R. 1.4(c) by failing to properly inform clients that his law firm did not maintain professional liability insurance. The board adopted the panel's findings of fact and misconduct and recommends that we sanction him with a public reprimand. Neither party has filed objections to the board's report and recommendation. Based on our independent review of the record, we accept the board's findings and publicly reprimand Owen for his misconduct.

## Misconduct

{¶ 2} If a lawyer does not maintain certain levels of professional liability insurance, Prof.Cond.R. 1.4(c) requires the lawyer to notify each client of that fact at the time of engagement. The rule specifically mandates that the notice be provided to the client "on a separate form" and that the form be signed by the client and include the following language: "I acknowledge receipt of the notice required by Rule 1.4 of the Ohio Rules of Professional Conduct that [insert attorney's name] does not maintain professional liability (malpractice) insurance of at least $100,000 per occurrence and $300,000 in the aggregate." (Brackets sic.)

{¶ 3} Here, the board found that when Owen was employed as the managing attorney in the Moraine, Ohio office of an out-of-state law firm, he provided clients with a firm-generated document listing several disclaimers, including that the law firm did not maintain outside malpractice insurance. The notice, however, was not on a separate form; it cited the former version of the applicable rule, DR 1-104; and it did not use the language prescribed in Prof.Cond.R. 1.4(c). Additionally, the notice indicated that rather than maintaining outside malpractice insurance, the law firm was "wholly self-

insured." The board found that Owen had failed to research or independently determine whether the notice was compliant with the Ohio Rules of Professional Conduct, and the board noted that the self-insurance language was potentially confusing because clients may not have understood the difference between self-insurance and insurance coverage provided by the terms of a malpractice policy purchased from a third-party insurer. Accordingly, the board found that Owen had failed to comply with the specific requirements in Prof.Cond.R. 1.4(c). We agree.

### Sanction

{¶ 4} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).

{¶ 5} As aggravating factors, the board found that Owen committed multiple offenses by using the defective notice form when representing multiple clients and that he refused to acknowledge the wrongful nature of his conduct. *See* Gov.Bar R. V(13)(B)(4) and (7). In mitigation, the board found that Owen has no prior discipline, lacked a dishonest or selfish motive, made full and free disclosures to the board and cooperated in the disciplinary process, and possesses excellent character and reputation. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (5). The board also noted that there was no evidence that any clients were harmed by his misconduct.

{¶ 6} Based on this record, the board recommends that we publicly reprimand Owen. We have imposed that same sanction on attorneys who similarly failed to provide their clients with proper written notice that they did not maintain professional liability insurance. *Columbus Bar Assn. v. Roy*, 143 Ohio

St.3d 60, 2015-Ohio-1190, 34 N.E.3d 108; *Akron Bar Assn. v. DeLoach*, 133 Ohio St.3d 329, 2012-Ohio-4629, 978 N.E.2d 181.

**{¶ 7}** Accordingly, having considered Owen's misconduct, the aggravating and mitigating factors, and the sanctions imposed in comparable cases, we agree that a public reprimand is the appropriate sanction in this case. Christopher Stanley Owen is hereby publicly reprimanded for his failure to comply with Prof.Cond.R. 1.4(c). Costs are taxed to Owen.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

Crabbe, Brown & James, L.L.P., and Robert J. Gehring; and Eugene P. Whetzel, Bar Counsel, for relator.

James E. Arnold & Associates, L.P.A., and Alvin E. Mathews Jr., for respondent.

————————————