**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. King,* **Slip Opinion No. 2016-Ohio-8255.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8255

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* KING.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. King,* Slip Opinion No. 2016-Ohio-8255.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Stayed suspension.*

(No. 2016-0845—Submitted August 17, 2016—Decided December 21, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-046.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Matthew Joseph King of Cleveland, Ohio, Attorney Registration No. 0067189, was admitted to the practice of law in Ohio in 1996. On July 18, 2016, we suspended King's license to practice law on an interim basis following his June 17, 2016 felony convictions for money laundering and attempted

money laundering.  *In re King*, __ Ohio St.3d __, 2016-Ohio-4986, __ N.E.3d __. *See also United States v. King*, N.D.Ohio No. 1:15 CR 381 (June 17, 2016).

{¶ 2} Before his conviction, in an amended four-count complaint filed with the Board of Professional Conduct on March 10, 2016, relator, Cleveland Metropolitan Bar Association, charged King with failing to inform three clients that he did not carry professional liability insurance, failing to provide competent representation to one of those clients, and failing to cooperate in all three ensuing disciplinary investigations.  On the day of the formal hearing, however, the chair of the panel appointed to hear the case granted relator's motion to withdraw the alleged violations in Count 3 concerning competent representation and professional liability insurance.

{¶ 3} At the hearing, the parties submitted stipulated findings of fact, misconduct, and aggravating and mitigating factors, as well as 11 stipulated exhibits.  The panel adopted the parties' stipulations, finding that King twice violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional liability insurance and obtain a signed acknowledgment of that notice from the client) and failed to comply with relator's investigation in all three client matters in violation of 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(9)(G).  The panel adopted the parties' recommendation that King be suspended from the practice of law for six months, with the entire suspension stayed on conditions.  The board adopted the panel's report in its entirety.

{¶ 4} We adopt the board's report and suspend King from the practice of law for six-months, with the entire suspension stayed on the conditions recommended by the board.

**Misconduct**

{¶ 5} In August 2014, King agreed to represent Brian Simms and Edward Ackles in separate legal matters. King failed to inform these clients in a separate writings, signed by them, that he did not carry professional liability insurance of at least $100,000 per occurrence and $300,000 in the aggregate.

{¶ 6} In November and December 2014, relator sent a total of four letters to King at the address listed for him with the Office of Attorney Services requesting his written response to grievances filed by Simms and Ackles. King did not respond to those letters or to additional inquiries that relator sent to his parents' home, where he also resided, although he later acknowledged that he had received the grievances there. During a March 27, 2015 telephone call, relator asked King to provide documentation and written responses to the grievances during the week of April 13, 2015, but King did not comply with that request.

{¶ 7} Relator wrote to King in August, September, and November 2015 requesting his written response to a grievance filed by a third client, Frank Rogers. King called relator on December 2, 2015, to acknowledge that he had not responded to Rogers's grievance and stated that he would email his response that day—but relator never received a response. King met with relator on December 7, 2015, to discuss the Ackles and Simms grievances. At that time, he provided relator with a copy of his March 19, 2015 Ohio Lawyers Assistance Program ("OLAP") contract. Although King said that he would provide a written response to the Rogers grievance, he never did.

{¶ 8} The parties stipulated and the board found that King's conduct in the Simms and Ackles matters violated Prof.Cond.R. 1.4(c) and that his failure to respond to relator's inquiries in all three grievances violated Gov.Bar V(9)(G) and Prof.Cond.R. 8.1(b).

{¶ 9} We adopt the board's findings of fact and agree that King's conduct violated Prof.Cond.R. 1.4(c) and 8.1(b) and Gov.Bar R. V(9)(G).

## Sanction

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

**{¶ 11}** As aggravating factors, the parties stipulated and the board found that King had engaged in multiple offenses and failed to cooperate in the disciplinary process. *See* Gov.Bar R. V(13)(B)(4) and (5). The only mitigating factor was the absence of a prior disciplinary record, Gov.Bar R. V(13)(C)(1), although since the board issued its report, we have suspended King's license to practice law in Ohio on an interim basis due to his felony conviction.

**{¶ 12}** In addition, the board found that King had not acted with a dishonest or selfish motive, appeared to have a good character or reputation apart from the charged misconduct, had provided his services to court-appointed clients pro bono, had provided a frank, candid, and contrite acknowledgment of his wrongful conduct, and had attempted, but failed, to comply with the requirements of Prof.Cond.R. 1.4(c) by including a paragraph in his fee agreement stating that he did not carry professional liability insurance. The board also noted that at the time of his misconduct, not only was King's wife divorcing him, but she had also emptied his home and his bank accounts before moving to Ireland. King lost his home, felt compelled to relocate his law practice, and—just two weeks before the hearing in this matter—lost his father, who had been ill for some time. The board determined that King had self-medicated with alcohol during this period and that he had entered into an OLAP contract to address this problem—though he was not compliant with his contract at the time of the hearing.

**{¶ 13}** We have publicly reprimand attorneys who have failed to provide their clients with notice that they do not carry professional liability insurance as required by Prof.Cond.R. 1.4(c). *See*, *e.g.*, *Columbus Bar Assn. v. Roy*, 143 Ohio

St.3d 60, 2015-Ohio-1190, 34 N.E.3d 108, ¶ 7. But we have also imposed sanctions ranging from a public reprimand to an 18-month stayed suspension on attorneys who have violated Prof.Cond.R. 1.4(c) and engaged in additional misconduct. *See*, *e.g.*, *Lorain Cty. Bar Assn. v. Nelson*, 144 Ohio St.3d 414, 2015-Ohio-4337, 44 N.E.3d 268, ¶ 7, 10 (publicly reprimanding an attorney who, in addition to failing to notify a client that he did not carry professional liability insurance, also neglected the client's legal matter, failed to reasonably communicate with the client, failed to deliver all papers and property to the client upon termination of the representation, and initially failed to cooperate in the ensuing disciplinary investigation); *Disciplinary Counsel v. Gorby*, 142 Ohio St.3d 35, 2015-Ohio-476, 27 N.E.3d 510, ¶ 11, 28 (imposing a one-year stayed suspension with monitored probation on an attorney who failed to advise her clients that she did not carry professional liability insurance, but also deposited client funds into her client trust account and misappropriated client funds); and *Akron Bar Assn. v. Binger*, 139 Ohio St.3d 186, 2014-Ohio-2114, 10 N.E.3d 710, ¶ 19, 24 (imposing an 18-month stayed suspension on an attorney who improperly notarized documents, failed to notify his clients that he did not carry professional liability insurance, and also led to them to believe that he was self-insured when he was not).

{¶ 14} Acknowledging the recent turmoil in King's life, his efforts to overcome his problems, and the need to protect the public from future harm, the board recommended that we suspend King from the practice of law for six months, all stayed on the conditions that he remain in full compliance with his OLAP contract, complete six hours of CLE in law-office-practice management, and work with a mentor to be selected by relator. Although we recognize that King's license to practice law is currently suspended on an interim basis as a result of his felony conviction, we find that the recommended sanction is commensurate with the sanctions we have imposed for comparable misconduct. We therefore adopt the board's recommended sanction.

{¶ 15} Accordingly, Matthew Joseph King is hereby suspended from the practice of law for six months, with the entire suspension stayed on the conditions that he remain in full compliance with his OLAP contract, complete six hours of CLE in law-office-practice management, serve a six-month period of monitored probation in accordance with Gov.Bar R. V(21), and engage in no further misconduct. If King does not comply with the conditions of the stay, the stay will be lifted, and he will serve the entire six-month suspension. Costs are taxed to King.

Judgment accordingly.

PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and LANZINGER, J., dissent and would not stay any portion of the suspension imposed.

_____

Shapero & Green, L.L.C., Brian J. Green, and Michael I. Shapero; and Heather M. Zirke, Bar Counsel, for relator.

Matthew Joseph King, pro se.

_____