TO BE PUBLISHED

# Supreme Court of Kentucky

2007-SC-000355-KB

DATE 12-4-07 Elise Grownd P.C.

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


MICHAEL TAYLOR MEEHAN                                 RESPONDENT


## OPINION AND ORDER OF PUBLIC REPRIMAND

The Kentucky Bar Association (KBA), pursuant to Supreme Court Rule (SCR) 3.435, has moved this Court to impose reciprocal discipline on Michael Taylor Meehan, KBA number 88021. Meehan was admitted to the practice of law in this Commonwealth by Order of the Supreme Court on October 29, 1999, and his last known roster address is P.O. Box 1058, Pinecrest, California 95364.

On May 7, 2007, the Board of Professional Responsibility of the Supreme Court of Tennessee entered an Order of Public Censure against Meehan for violation of RPC 1.3, which provides that "a lawyer shall act with reasonable diligence and promptness in representing a client." In this order, Meehan was also publicly censured for violating RPC 8.4(d), which provides that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice." The facts underlying the Tennessee censure were as follows:

> The Respondent [Meehan], practicing out of his home in Johnson City, was appointed to several criminal cases. In March 2006, Respondent abruptly moved to Arizona. He failed to appear at several court hearings regarding his client. On April 6, 2006, Respondent did not appear in court with a local woman charged with six counts of failure to report the rape of a child. Her husband was accused of rape. The court had mailed Respondent a letter to which he did not respond. The court then issued a warrant to arrest Respondent on the charge of contempt. Respondent retained counsel. Respondent pled guilty, paid the fine and costs, and reimbursed his clients their fees.

Upon receipt of notice of the Tennessee Order of Public Censure, the KBA filed a Petition for Reciprocal Discipline on May 21, 2007. The KBA recommends this Court impose a Public Reprimand on Meehan. In accordance with SCR 3.435(2)(b), we ordered Meehan on August 16, 2007, to show cause why reciprocal discipline should not be imposed. Meehan has filed no response to this Court's Show Cause Order. Having failed to show that either of the exceptions set out in SCR 3.435(4) apply, we conclude that reciprocal discipline is mandated by the rule.

SCR 3.435 applies when a member of the KBA has been sanctioned for an ethical violation in another state. The rule requires this Court to impose "identical discipline unless Respondent proves by substantial evidence" either "(a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding," or "(b) that misconduct established warrants substantially different discipline in this State." SCR 3.435(4). The rule also requires this Court to recognize that a final adjudication of misconduct in another jurisdiction establishes conclusively the misconduct for purposes of a disciplinary proceeding in Kentucky. SCR 3.435(5).

The Board of Professional Responsibility of the Supreme Court of Tennessee concluded that Meehan violated RPC 1.3 and RPC 8.4(d) when he failed to appear at several court hearings, in particular, when he failed to appear with a criminal client he

2

was appointed to represent. RPC 1.3 is identical to Kentucky's SCR 3.130-1.3, providing that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." And RPC 8.4(d) is comparable to Kentucky's SCR 3.130-3.4(c), which provides that a lawyer shall not "[k]nowingly or intentionally disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." Although Tennessee's RPC 8.4(d) is not identical to our SCR 3.130-3.4(c), SCR 3.435 does not require that the rules be identical to allow for the imposition of reciprocal discipline. Both rules require an attorney to be present for scheduled court appearances.

Given that Meehan has been disciplined by the Board of Professional Responsibility of the Supreme Court of Tennessee by Order of Public Censure, and that Meehan's conduct would constitute violations of the equivalent rules of professional conduct in Kentucky, SCR 1.30-1.3 and SCR 3.130-3.4(c), Meehan is subject to Public Reprimand as authorized by SCR 3.380. Having failed to show lack of jurisdiction or fraud in the Tennessee proceeding (SCR 3.435(4)(a)), or that Meehan's conduct warrants substantially different discipline in Kentucky (SCR 3.435(4)(b)), this Court shall impose reciprocal discipline as follows:

IT IS HEREBY ORDERED:

1) Michael Taylor Meehan, KBA member number 88021, is adjudicated guilty of unprofessional conduct based on the facts set out in KBA file 15343.

2) Michael Taylor Meehan is Publicly Reprimanded for his conduct.

3) In accordance with SCR 3.450, Michael Taylor Meehan shall pay all costs associated with these disciplinary proceedings, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: November 21, 2007.

_____
CHIEF JUSTICE

4