**Supreme Court of Kentucky**
2018-SC-000026-KB
FINAL
TO BE PUBLISHED
DATE 4/3/18 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                          MOVANT


V.                              IN SUPREME COURT


PHILIP MARTIN KLEINSMITH                                      RESPONDENT


## OPINION AND ORDER

On December 23, 2016, the Colorado Supreme Court disbarred Philip Martin Kleinsmith.[1]  Thereafter, the Kentucky Bar Association (KBA) filed a petition with this Court asking that we impose reciprocal discipline pursuant to SCR 3.435.  We ordered Kleinsmith to show cause why we should not impose such discipline and he failed to respond to that order.  Because Kleinsmith failed to show cause as to why we should not impose reciprocal discipline, this Court hereby disbars him from the practice of law, as consistent with the order of the Colorado Supreme Court.

## I. BACKGROUND

Kleinsmith represented U.S. Bank in several foreclosure actions.  As part of that representation, Kleinsmith hired First American Title Company to

---

[1] Kleinsmith was admitted to the practice of law in the Commonwealth of Kentucky on November 8, 2001.  His bar roster address is listed as 3005 Leslie Drive, Colorado Springs, Colorado 80909, and his KBA number is 89101.

provide title services. Kleinsmith billed U.S. Bank for the services First American provided, and U.S. Bank paid Kleinsmith the billed amounts. However, from 2012 through 2014, Kleinsmith did not pay First American; rather, he deposited the funds in his operating account and used them to pay his firm expenses. First American eventually obtained a judgment against Kleinsmith's firm (of which he was the sole shareholder) for more than $55,000 in unpaid invoices.

For these actions, Kleinsmith was found guilty of violating two of Colorado's Rules of Professional Conduct (Co. RCP). First, the Colorado Supreme Court held Kleinsmith had violated Co. RCP 1.15A(b), which reads:

> Upon receiving funds or other property of a client or third person, a lawyer shall, promptly or otherwise as permitted by law or by agreement with the client or third person, deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, promptly upon request by the client or third person, render a full accounting regarding such property.

This Colorado rule is similar to Kentucky's SCR 3.130-1.15(a), which reads:

> Upon receiving funds or other property in which a client has an interest, a lawyer shall promptly notify the client. Except as stated in this Rule or otherwise permitted by law or by agreement with the client a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive and, upon request by the client, shall promptly render a full accounting regarding such property.

While we note that the Kentucky rule does not apply to the funds of third parties, this does not affect our analysis. SCR 3.130–3.4(c) states that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

2

Furthermore, we have held "SCR 3.435 does not require that the rules be identical to allow for the imposition of reciprocal discipline." *KBA v. Meehan,* 237 S.W.3d 546, 547 (Ky. 2007).

The Colorado Supreme Court also found Kleinsmith guilty of violating Co. RCP 8.4, which reads, in pertinent part: "It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation . . . ." This Colorado rule tracks with Kentucky's SCR 8.4(c).

The Colorado Supreme Court disbarred Kleinsmith for these violations.

## II. ANALYSIS

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) generally requires this Court to impose identical discipline. Furthermore, SCR 3.435(4)(c) requires this Court to recognize that "[i]n all other respects" a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky. Pursuant to SCR 3.435(4), we impose reciprocal discipline as Kleinsmith failed to prove "by substantial evidence: (a) a lack of jurisdiction or fraud in the [Colorado] disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State."

## III.    ORDER

Having failed to timely show sufficient cause, it is hereby ORDERED as follows:

3

1. Kleinsmith is hereby permanently disbarred from the practice of law in Kentucky; and

2. In accordance with SCR 3.450, Kleinsmith shall pay all costs associated with these proceedings; and

3. Pursuant to SCR 3.390, Kleinsmith shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Kleinsmith shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: March 22, 2018.

CHIEF JUSTICE

4