TO BE PUBLISHED

# Supreme Court of Kentucky

## 2018-SC-000348-KB

FINAL

DATE 11/14/18 Kim Redmon DC

KENTUCKY BAR ASSOCIATION                                   MOVANT

V.                        IN SUPREME COURT

CHARLES EDWARD DANIEL                                   RESPONDENT

### OPINION AND ORDER

On June 8, 2018, the Tennessee Supreme Court found that Charles Edward Daniel[1] "violated Rule 8.4(b) and (c) of the Tennessee Rules of Professional Conduct by misappropriating funds from his law partnership in a manner intended to conceal his actions from his law partners." As a result, the Court imposed the following discipline upon Daniel: three years' suspension, with one year to be served on active suspension and the remaining two years on probation.

The Kentucky Bar Association ("KBA") then petitioned this Court for reciprocal discipline on July 10, 2018. The KBA requested that this Court order Daniel to show cause why this Court should not impose reciprocal discipline,

---

[1] KBA Number 83148; Bar Roster Address 825 Freels Ln., Knoxville, TN 37922-4238.

and, in the event the Court finds such cause lacking, that this Court enter an order imposing identical discipline.

On July 12, 2018, the Court entered an order mandating that Daniel "within twenty (20) days of the date of the entry of this order . . . show cause why he should not be suspended from the practice of law for three (3) years, with one (1) year to be served on active suspension and the remaining two (2) years on probation, as consistent with an order of identical discipline from the Supreme Court of Tennessee." Daniel never responded.

Kentucky Supreme Court Rule ("SCR") 3.435(4) states:

Upon the expiration of thirty (30) days from the service of the notice issued pursuant to the provisions of (2) above, this Court shall impose the identical discipline unless Respondent proves by substantial evidence:

(a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or

(b) that misconduct established warrants substantially different discipline in this State.

(c) In all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State.

By failing to respond to this Court's show cause order, Daniel has failed to meet his burden in proving either a lack of jurisdiction of the Tennessee Supreme Court over his disciplinary proceeding in Tennessee under SCR 3.435(a) or that his misconduct warrants substantially different discipline in Kentucky under SCR 3.435(b). Therefore, in accordance with the mandate of SCR 3.435(c), the Court shall impose reciprocal discipline on Daniel. This decision is in accordance with *KBA v. Kleinsmith,* where this Court issued

2

reciprocal discipline for the Respondent's failure to "timely show sufficient cause."[2]

It hereby is ORDERED that:

1. Charles Edward Daniel is hereby suspended from the practice of law in Kentucky for three years, with one year to be served on active suspension and the remaining two years on probation, as consistent with an order of suspension from the Supreme Court of Tennessee entered on June 8, 2018; and

2. In accordance with SCR 3.450, Daniel must pay all costs associated with these proceedings; and

3. Under SCR 3.390, Daniel shall, within ten days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Daniel shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: November 1, 2018.

_____
CHIEF JUSTICE

---

[2] 541 S.W.3d 513, 514 (Ky. 2018).

3