TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0318-KB

KENTUCKY BAR ASSOCIATION                                          MOVANT

V.                            IN SUPREME COURT

HAROLD MCCLURE SCHWARZ III                              RESPONDENT

## **OPINION AND ORDER**

On April 22, 2020, the Ohio Supreme Court indefinitely suspended Harold McClure Schwarz III[1] from the practice of law.  Thereafter, the Kentucky Bar Association (KBA) filed a petition with this Court asking that we impose reciprocal discipline pursuant to SCR 3.435.  We ordered Schwarz to show cause why we should not impose such discipline and he failed to respond to that order.  Because Schwarz failed to show cause as to why we should not impose reciprocal discipline, this Court hereby imposes an indefinite suspension from the practice of law in the Commonwealth of Kentucky, as consistent with the order of the Ohio Supreme Court.

---

[1] Schwarz was admitted to the practice of law in the Commonwealth of Kentucky on July 19, 2010.  His bar roster address is listed as 3475 Ridgewood Road, Akron, Ohio 44333, and his KBA number is 93585.

# I. BACKGROUND

In October 2018, Schwarz was charged by a grand jury of two felonies—importuning, a fifth degree felony, and attempted unlawful sexual conduct with a minor, a fourth-degree felony. In February 2019, Schwarz pleaded guilty to importuning for soliciting an undercover law-enforcement officer who posed as a 15-year-old boy. Schwarz had several sexually-charged conversations with the undercover officer and made plans to meet the boy. According to the terms of the plea, the attempted unlawful sexual conduct with a minor charge was dismissed.

The Supreme Court of Ohio originally suspended Schwarz on an interim basis on March 22, 2019, and then indefinitely suspended him from the practice of law on April 22, 2020. At his disciplinary hearing in Ohio, Schwarz admitted his conduct. Ohio's Board of Professional Conduct found that he violated its Rule 8.4(b), which prohibits a lawyer from engaging in conduct that reflects adversely on the lawyer's honesty or trustworthiness and Rule 8.4(h) which prohibits a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law. While Kentucky does not have a rule 8.4(h), our Supreme Court Rule (SCR) 3.130-8.4(b) combines Ohio's Rules 8.4 (b) and (h), providing that "it is professional misconduct for a lawyer to: commit a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

However, even if these rules did not align, SCR 3.130–3.4(c) states that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal

except for an open refusal based on an assertion that no valid obligation exists." Furthermore, we have held "SCR 3.435 does not require that the rules be identical to allow for the imposition of reciprocal discipline." *KBA v. Meehan,* 237 S.W.3d 546, 547 (Ky. 2007).

## II. ANALYSIS

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) generally requires this Court to impose identical discipline. Furthermore, SCR 3.435(4)(c) requires this Court to recognize that "[i]n all other respects" a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky. Pursuant to SCR 3.435(4), we impose reciprocal discipline as Schwarz failed to prove "by substantial evidence: (a) a lack of jurisdiction or fraud in the [Ohio] disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State."

## III. ORDER

Having failed to timely show sufficient cause, it is hereby ORDERED as follows:

1. Schwarz is hereby indefinitely suspended from the practice of law in Kentucky until such a time that he fulfills the requirements of the Ohio Supreme Court's order suspending him indefinitely in that state; and

3

2. In accordance with SCR 3.450, Schwarz shall pay all costs associated with these proceedings; and

3. Pursuant to SCR 3.390, Schwarz shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Schwarz shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: October 29, 2020.

_____
CHIEF JUSTICE

4